UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



2003 OCT 17 PM 7: 23

AFTER HOURS

STATE FINANCIAL BANK,
NATIONAL ASSOCIATION,

    Plaintiff, and

Civil Action No. 00-C-1530

DEAN AND JODIE ALLEN, et al.,

    Intervening Plaintiffs,

v.

CITY OF SOUTH MILWAUKEE,

    Defendant.

**PLAINTIFF STATE FINANCIAL BANK'S MOTION TO STRIKE
CERTAIN OF DEFENDANT'S PROPOSED FINDINGS OF FACT
SUPPORTED ONLY BY CITATIONS TO STATE COURT DECISIONS,
AND BRIEF IN SUPPORT THEREOF**

    Plaintiff State Financial moves pursuant to Federal Rule of Civil Procedure 56(e) and the Federal Rules of Evidence, specifically FRE 802, to strike those materially disputed proposed findings of fact submitted by the defendant City that are supported only by citations to state court decisions in proceedings to which State Financial was not a party. The grounds for this motion are as follows:

    1.    Rule 56(e) provides that affidavits filed in support of or in opposition to motions for summary judgment must set forth only admissible evidence: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

001.1495648.5

therein." Fed. R. Civ. P. 56(e).

2. Factual findings or rulings of courts are not admissible evidence in other proceedings, unless and until all the elements of collateral estoppel (issue preclusion) have been satisfied as to the party to be bound by such findings or rulings. The Seventh Circuit has held that a district court "abuse[s] its discretion by taking judicial notice of this earlier finding [of another court] without establishing that the fact may indisputably be applied in the later proceeding." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997); *see also United States v. Jones*, 29 F.3d 1549, 1554-55 (11th Cir. 1994) (vacating and remanding grant of summary judgment because a court order in another case is inadmissible hearsay); *Holloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987) (reversing and remanding for erroneous judicial notice taken of facts found by other court); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 99 F.2d 1384, 1388-89 (2nd Cir. 1992) (same). (Of course, citation to opinions of courts in other proceedings to establish facts related to the opinion itself, such as the date of the opinion, are unobjectionable.)

3. In *General Electric Capital*, the Seventh Circuit held that taking judicial notice of a fact found by another court deprives those who were not parties to the other proceeding of the constitutionally guaranteed weapons of cross-examination and due process and thus "raises doubt as to whether the parties received a fair hearing." 128 F.3d at 1083. The Seventh Circuit held that unless and until all of the elements of collateral estoppel have been established as to a party to be bound by the prior decisions or unless the factual findings are undisputed, admitting such evidence in another proceeding is itself a due process violation:

> [I]f a court could take judicial notice of a fact simply
> because it was found to be true in a previous action, the
> doctrine of collateral estoppel would be superfluous. A
> plaintiff cannot be collaterally estopped by an earlier
> determination in a case in which the plaintiff was neither
> a party nor in privity with a party. Due process prohibits
> the use of collateral estoppel in these instances because
> the plaintiff has never been afforded the opportunity to
> present its evidence and arguments on the claim. . . .
> [W]e cannot allow a court to achieve through judicial
> notice what it cannot achieve through collateral estoppel.
> A district court may not take judicial notice of fact where
> its application may be reasonably disputed because use
> of this evidentiary device in this manner would abrogate
> the fundamental requirement of due process.

128 F.3d at 1083 (citations and quotations omitted).

   4. In this case, the defendant City has submitted 164 Proposed Findings of Fact in support of its motion for summary judgment, 170 Corrected Proposed Findings of Fact ("DPFFs"), and 162 Additional Proposed Findings of Fact ("DAPFFs") (the "additional" facts are nearly, but not quite, identical to the initial 164 Proposed Findings of Fact and the 170 Corrected Proposed Findings of Fact) in opposition to State Financial's motion for Partial Summary Judgment. Of those, DPFFs 3, 4, 6, 12, 13, 27, 89, 105, 108, 109, 110, 120, 133, 134, 135, 136, 137, 144, 145, 149, 150, 151, 154, 155, 158, 159, 160, 161, 162, 163, and 164, and DAPFFs 3, 4, 6, 12, 13, 27, 107, 108, 109, 131, 132, 133, 134, 141, 142, 145, 146, 147, 150, 151, 155, 156, 157, 158, 159, 160, 161, and 162 are supported by neither affidavit nor deposition transcript reference, but *only* by citations to the state court decisions and orders in proceedings to which State Financial was not a party. In addition, DPFFs 2, 5, 19, 26, 111, 114, and 116 and DAPFFs 2, 5, 19, 26, 89, 110, 113, 115, and 118 are supported in part by citations to such state court decisions and orders. Finally, DAPFF 153 cites no evidentiary support at all

and thus violate Civil Local Rule 56.2(a).

5. Pursuant to *General Electric Capital* and the other cases cited above, the state court decisions and orders cited in support of the contested DPFFs and DAPFFs identified above in paragraph 4 are not admissible and may not be considered by this Court on summary judgment, pursuant to Rule 56(e), unless and until the City establishes all of the elements of collateral estoppel to bind State Financial by the findings and decisions cited.

6. The *only* proposed finding of fact cited by the City in support of its attempt to establish collateral estoppel in this case is that the state Court of Appeals held that State Financial was aware of and actively participated in the state court litigation. (*See* Defendant's Brief in Support of Motion for Summary Judgment ("Def. Br.") at 27; Defendant's Response Brief in Opposition to State Financial Bank's Motion for Partial Summary Judgment ("Def. Opp.") at 24 (citing *Lake Bluff Housing Partners v. City of South Milwaukee*, 2001 WI App 150 ¶ 22 n.3, 246 Wis. 2d 785, 797 n.3, 632 N.W.2d 485, 491 n.3 (Ct. App. 2001) ("*Lake Bluff III*")); DPFF 164; DAPFF 162.) In fact, the City even argues elsewhere in its briefs that it did not know that State Financial was ever involved in the state-court litigation: "[T]here is no reference in the record to any decisions made with knowledge that State Financial was involved in the proceedings." (Def. Br. At 40.) Thus, to establish the collateral estoppel necessary for the Court to be able to accept the facts found by the state court, the City cites nothing other than the state court opinion itself, which is obviously an exercise in bootstrapping. The lack of merit in this circular argument is highlighted by the fact that the Court of Appeals itself cited absolutely no evidence to support its conclusion that State

.1495648.5

Financial had participated in the state court litigation, but instead only deemed it to be admitted because the *developer* did not refute the assertion in its reply brief:

> [T]he City asserts that the mortgagee and the tenants were aware of this litigation as evidenced in part by the tenants' participation in the hearing. *Lake Bluff's reply brief does not refute the City's assertion and, therefore, it is admitted.* Charolais Breeding Ranches, Ltd. v. FPC Securities, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Consequently, even though not joined, these parties were aware of, and participated in, the proceedings.

*See id.* (emphasis added); DPFF 164; DAPFF 162. No affront to due process could be more egregious than to bind State Financial to facts found in a proceeding to which it was not a party based solely on another party's litigation tactics in that proceeding. 7. Absent admissible evidence that State Financial actually participated in the state court litigation, of which there is none, the City cannot possibly establish the predicates for collateral estoppel required for this Court to accept the City's proposed findings of fact identified above in paragraph 4.

8. As set forth in State Financial's responses to the City's Corrected Proposed Findings of Fact and Additional Proposed Findings of Fact, most of the DPFFs and DAPFFs cited above in paragraph 4 are contested by State Financial and thus may not be accepted as true by this Court through judicial notice. However, despite the City's improper reliance on the state court decisions and orders, State Financial does not materially dispute the proposed facts set forth in DPFFs 2, 12, 105, 108, 114, 120, 133, 136, 144, or 145, or those proposed facts in DAPFFs 2, 12, 107, 113, 118, 133, 141, or 142, and thus does not move to strike those proposed facts.

9. Therefore, State Financial respectfully requests that the Court

strike DPFFs 3, 4, 5, 6, 13, 19, 26, 27, 89, 109, 110, 111, 116, 134, 135, 137, 149, 150, 151, 154, 155, 158, 159, 160, 161, 162, 163, and 164, and DAPFFs 3, 4, 5, 6, 13, 19, 26, 27, 89, 108, 109, 110, 115, 131, 132, 134, 145, 146, 147, 150, 151, 155, 156, 157, 158, 159, 160, 161, 162 from the record and not consider them in deciding the motions for summary judgment.

Respectfully submitted,

THOMAS L. SHRINER, JR.
G. MICHAEL HALFENGER
MICHAEL P. MATTHEWS

_____
Attorneys for Plaintiff
State Financial Bank, National Association

FOLEY & LARDNER
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5367
Telephone: (414) 271-2400
Fax: (414) 297-4900

001.1495648.5