UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

STATE FINANCIAL BANK,
NATIONAL ASSOCIATION,

                Plaintiff,

DEAN AND JODIE ALLEN, and
JOSHUA, ADAM, BETH AND HANNAH ALLEN
by their father and next friend, Dean Allen;
DORREEN RIDDLE;
CHERYL BATCHELOR, JACK LASTER and
NICOLE MOINEUX, and JAVON WILSON by his mother
and next friend, Nicole Molineux;
SARAH KELLEY, and CHRISTOPHER AND
CHRISTINA PEETE by their mother and next
friend, Sarah Kelley;
JESUSITA MENDEZ, and CYNTHIA, ASHLEY
AND SHAI CARRASQUILLO and D'VINN MENDEZ
by their mother and next friend, Jesuita Mendez;
TAMMI AND WAYNE SCHUYLER, and
TURNELL, TRENT AND TIA LEWKOWSKI
and DIAMOND SCHUYLER by their mother
and next friend, Tammi Schuyler;
JESSE SURVILLION;
and PAMELA WILLIAMS and GLORY MARTIN,

                Intervenors,

    v.                                                              Case No. 00-C-1530

CITY OF SOUTH MILWAUKEE,

                Defendant.

---

DECISION AND ORDER GRANTING
PLAINTIFF INTERVENORS' MOTION TO STRIKE (DOC. # 276), GRANTING IN PART
AND DENYING IN PART DEFENDANT'S AMENDED MOTION TO STRIKE
INTERVENORS' PROPOSED FINDINGS OF FACT BASED ON HEARSAY (DOC. # 309),
AND DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO STRIKE EXPERT TESTIMONY (DOC. # 313)

The parties have filed a number of motions relating to summary judgment. The plaintiff intervenors moved to strike "those materially disputed proposed findings of fact submitted by the defendant City that are supported only by citations to state court decisions in proceedings to which the Tenants were not parties." In addition, the defendant City of South Milwaukee has filed motions to strike the plaintiff intervenors' expert testimony for failure to meed admission requirements and proposed findings of fact as hearsay.

As an initial matter, every motion must set forth the rule pursuant to which it is made and (1) a supporting brief, and, when necessary, affidavits, and other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. Civ. L.R. 7.1(a) (E.D. Wis.). If a movant fails to comply with (1) or (2) the court may deny the motion as a matter of course. *Id.*

Defendant's motion to strike expert testimony refers to the "brief and affidavit filed in support of the motion." In addition, defendant's reply brief in support of the motion for summary judgment against the intervenor plaintiffs directs the court to the "brief in support of its motion to strike experts, incorporated herein by reference." There is no supporting brief on the docket, and the court has not been able to locate a brief or affidavit in the file.

It is possible to anticipate some of the arguments by reviewing the defendant's summary judgment briefs with respect to the plaintiff intervenors. However, defendant is moving to strike the plaintiff's experts and the plaintiff has not had an opportunity to brief this issue. Consequently, the motion will be denied pursuant to the local rule. To the extent that defendant has objections to proposed findings or responses thereto submitted by the plaintiff intervenors, the objections will be considered in disposing of the summary judgment motions.

2

Next, plaintiff intervenors move to strike the materially disputed proposed findings of fact submitted by the defendant City of South Milwaukee that are supported only by citations to the state court decisions in proceedings to which the tenants were not parties. Specifically, plaintiff intervenors ask the court to strike defendant's proposed findings 211, 212, 213, 237, 238, 249, 250, 254, 255, 259-266, 270-274.

Under Rule 201, a court may take judicial notice of adjudicative facts as long as the facts are not "subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdition of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(a) and (b). However, notice can be taken, "only for the limited purpose of recognizing the 'judicial act' that the order [or filing] represents on the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (*citing Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2nd Cir. 1992)); *see also General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082, n. 6 (7th Cir. 1997) ("We agree that courts generally cannot take notice of findings of fact from other proceedings for the truth [of the matter] asserted therein because these findings are disputable and usually are disputed").

In *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074 (7th Cir. 1974), the Seventh Circuit followed the Second and Eleventh Circuit Court of Appeals in holding that courts "generally cannot take notice of findings from other proceedings for the truth assert asserted therein because these are disputable and usually are disputed." *Id.*, at 1081-1083. Also, the decision noted that, if a court were to take judicial notice of another court's findings of fact, it would render the doctrine of collateral estoppel superfluous. *Id.*, at

3

1083. Nevertheless, the court found it conceivable that a finding of fact may satisfy the indisputability requirement of Fed. R. Evid. 201(b). *Id.*

Defendant argues that *General Electric* is inapposite because this is not a case of judicial notice. Rather, the proposed findings are supported by public records that have been properly authenticated under Rules 1005 and 902(2) and (4). Moreover, these records fall within the exception to hearsay documents under Rule 803(8), which provides in part:

> (8) Public records and reports. Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ....

In making this argument, the defendant apparently concedes that the state court decisions are hearsay to the extent they are being used to prove their truth. That these decisions are an exception to hearsay under 803(8) ignores a line of cases begging with *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993). In *Nipper,* the Fourth Circuit Court of Appeals held that judicial findings are not public records within the meaning of Rule 803(8)(c) of the Federal Rules of Evidence. The court reasoned that Rule 803(8)(c) on its face applies to factual findings "resulting from an investigation made pursuant to authority granted by law." *Id.*, at 417. "A judge in a civil trial is not an investigator, rather a judge." *Id.*

The Eleventh Circuit Court of Appeals followed *Nipper* in holding that "the plain language of Rule 803(8)(c) does not apply to judicial findings of fact." *United States v. Jones,* 29 F.3d 1549 (11th Cir. 1994). "[I]t is clear that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgment or their underlying facts, they did so expressly." *Id.,* at 1554. More recently, the Tenth Circuit Court of Appeals explained that a contrary conclusion would "effectively eliminate the narrow nature of these hearsay

4

exceptions and render them redundant." *Herrick v. Garvey*, 298 F.3d 1184 (10th Cir. 2002).

Defendant argues that it could find no authority prohibiting the introduction of state court materials for purposes of arguing issue or claim preclusion. However, defendant has not moved for summary judgment against the intervenor plaintiffs on these grounds. Indeed, defendant argues that the Rooker Feldman doctrine applies, that the claims are time-barred and that the claims fail because there is no evidence of discrimination. Consequently, the defendant may cite the state court decisions to establish the fact of prior litigation or related findings. However, if the defendant is seeking to establish the truth of the matters asserted, those findings are hearsay and will be stricken.

Finally, the defendant has moved to strike the intervenor's proposed findings 11, 13-14, 26, 58-61, 68-74, 80-82, 84-86, 89-90, 94, 96, 98, 102-104, 107-110, 119-120, 122, 124, 128-130, 141-144, 158, 160, 162-170, 180, 184, 189, 190, 193-195, 205, 215-218, 255-256, 270, 283-285, 295, 311, 321-332, 334, 354, and 363-369 because they are based on inadmissible hearsay.[1] In the supporting brief, defendant adds that some of these findings should be stricken because the plaintiff intervenors have failed to authenticate properly the documents supporting the findings. The court will address each of the objections to proposed findings supported by argument in defendant's brief.

First, defendant asserts that findings 11, 13-14 and 316 are based on the unauthenticated expert report of Dr. William Bakken, who did not submit an affidavit. The plaintiff intervenors respond that the reports to which defendant objects were produced by the

---

[1]The court notes that there is a discrepancy between the PFOF's identified in the preface and those identified in the conclusion as being subject to the motion to strike. In addition, some of the PFOF's discussed in the brief are not identified in the preface or conclusion. Finally, others are identified in the preface but never discussed in the brief.

5

plaintiff State Financial Bank pursuant to court order regarding discovery. Plaintiff intervenors submit that they should found to be authentic under Rule 901(a), and would be admissible at trial where the experts could testify about there reports.

Rule 56(e) provides that supporting and opposing affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence and showing that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). Sworn or certified copies of all papers or parts thereof referred to in an affidavit must be attached thereto or served therewith. *Id.*

The Court agrees with defendant that an expert report must be accompanied by an affidavit or sworn statement to be considered as competent summary judgment evidence. See *Wittmer v. Peters*, 87 F.3d 916 (7th Cir.1996) (unsworn expert reports are "not, strictly speaking, admissible to support or oppose summary judgment"). The Seventh Circuit has made it clear that expert reports are merely discovery materials. *Blue Cross and Blue Shield United of Wisconsin v. Marshfield*, 152 F.3d 588, 595 (7th Cir. 1988). Here, the unsworn expert report William Bakken was appended to the affidavit of Laurence DuPuis, who is one of the attorneys for the plaintiff intervenors. Bakken is not the plaintiff intervenors' expert, and has no basis for representing that it is a true and correct copy of Bakken's report other than it was provided to him by the plaintiff's counsel. To the extent that the report is appended to the proposed findings without proper authentication and the plaintiff intervenors have taken no steps to correct the error, the findings will be stricken.

Next, defendant argues that the proposed findings based on newspaper articles (26, 58, 81, 82, 84-86, 89, 94, 96, 98, 102-103, 104, 107, 187, 190, 194-195, 205) are inadmissible hearsay insofar as they are offered to prove the matters asserted in the articles,

6

including allegations that representatives actually made statements attributed to them in the articles. The proposed findings of fact at issue contain quotations and assertions from articles that appeared in the *Voice Graphic, Milwaukee Journal, South Milwaukee Voice Journal, Time Magazine,* and the *South Milwaukee News Graphic*.

Media reports, including newspaper articles, that are being offered for the truth of the matter asserted are inadmissible hearsay and cannot be relied upon for summary judgment proceedings. *See Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). The court agrees that insomuch as these articles are introduced for the truth of the reported information, they are hearsay and not admissible. *See Horta v. Sullivan*, 4 F.3d 2, 8-9 (1st Cir. 1993).

In addition, the plaintiff intervenors have cited to excerpts from "Embracing Diversity: Housing in Southeast Wisconsin*," Public Policy Forum*, (Feb. 2002), and *"Housing* Affordability in the Milwaukee Metropolitan Area" in proposed findings of fact 59-61. They argue that these documents are admissible under the catchall hearsay exception under Rule 807. "Embracing Diversity" appears to be an excerpt from a report prepared by the Public Policy Forum and funded by Local Initiatives Support Corporation - Milwaukee Office, Wisconsin Housing and Economic Development Authority, Fannie Mae Wisconsin Partnership Office, Mortgage Guarantee Insurance Corporation, Helen Bader Foundation, Inc., M&I Bank and the State of Wisconsin Division of Housing.[2] However, the excerpt does

---

[2] Proposed finding of fact 60 also cites to Exhibit 03, which is an article entitled "Separate and Unequal: The Neighborhood Gap for Black and Hispanics in Metropolitan America." This article is dated October 13, 2002, and prepared by John R. Logan, the Director of Lewis Mumford Center for Comparative Urban and Regional Research University at Albany. Whether this article is admissible is irrelevant because it does not support the proposed finding. The article is based on census data, but discusses disparities become income distribution for specific racial and ethnic groups.

7

not contain or cite to any source materials. In addition, the excerpt from the Fall 1999 article entitled "Housing Affordability in the Milwaukee Metropolitan Area: A Matter of Income, Race, and Policy," *Journal of Affordable Housing*, is incomplete, but appears to analyze data from the Multiple Listing Service, 1997, and the U.S. Department of Commerce and U.S. Department of Housing and Urban Development.

Plaintiff intervenors cite Rule 807, which permits a court to admit evidence not specifically exempted from the hearsay rule if it has "equivalent circumstantial guarantees of trustworthiness" and the court determines that: 1) the statement goes to a material fact; 2) the statement is more probative than any other evidence which the proponent can secure through reasonable efforts; and 3) admission of the evidence best serves the general purposes of the rules and the interests of justice. Fed. R. Evid. 807. Thus, to be admissible under Rule 807, the Seventh Circuit requires "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice," *see United States v. Ochoa*, 229 F.3d 631, 639 (7th Cir. 2000) (*citing United States v. Hall*, 165 F.3d 1095, 1110 (7th Cir. 1999)), and urges the court to construe Rule 807 narrowly to prevent it from becoming the exception that swallows the hearsay rule. *United States v. Sinclair*, 74 F.3d 753, 759 (7th Cir. 1996).

The plaintiff intervenors submit that the report provides "historical background," portions of the article rely upon official data, and the reports were provided to the defendant in discovery. On the other hand, plaintiff intervenors do not contend that they complied with the notice requirements of Rule 807 beyond turning over the excerpts in the course of discovery. Nor do plaintiff intervenors argue materiality, probative value or the interests of justice. Given the narrow nature of this exception and that the purpose of Rule 807 is merely

8

to provide context, this court is not persuaded that the excerpts of an article or report fall within the exception to the hearsay rule.

Next, the defendant argues that proposed findings of fact 68-71, 73, 80 and 90, which were obtained from the South Milwaukee Community Development Authority and South Milwaukee School District are unauthenticated. The plaintiff intervenors requested documents during the course of discovery, including information related to the defendant's Community Development Block Grant program participation. Defendant required the plaintiff intervenors to sort through boxes, to determine whether relevant documents existed, and to photocopy any information. Defendant is "sure" that the documents were in boxes located at City Hall and at Parkcrest, but cannot stipulate that the documents are complete, accurate documents actually received or reviewed by South Milwaukee officials, or otherwise authored by South Milwaukee officials and finalized or transmitted to others.

Proposed findings of fact 68-71 are based on Exhibit V3, which is an "Application for Reservation of Urban Low-Rent Public Housing and for a Preliminary Loan," by the Housing Authority of the City of South Milwaukee dated December 15, 1950. Proposed finding of fact 73 is "Resolution No. 63: A RESOLUTION APPROVING TENANT SELECTION AND REEXAMINIATION MANUAL," which states that it was adopted by the Authority at a regular meeting held at 8:00 p.m. on February 26, 1953. Further, proposed finding of fact 90 is based on a May 5, 1976, letter on the Authority of the City of South Milwaukee letterhead to Mrs. Cora Schmkuhl of Algoma, Wisconsin. Moreover, plaintiff intervenors represent that proposed finding of fact 80, which is cited by the defendant, was not found at the CDA.

9

It appears that these documents were produced and responsive to discovery requests, located in files at City Hall and the CDA, and have been in existence more than twenty years. It further appears that City Hall is the location where such documents, if authentic, would be located. *See* Wis. Stat. § 19.21(1). Hearing nothing more from the defendant on this issue to raise suspicion as to the authenticity of the loan application or letter on South Milwaukee letterhead, the court finds that Rules 901(8) and 803(16) apply.

Finally, defendant argues that the HUD reports (PFOF 94) and documents from the Metropolitan Milwaukee Fair Housing Council (PFOF 107) or other agencies (PFOF 108-110) are unauthenticated. Proposed findings of fact 94 and 107 are based on newspaper articles, which are inherently hearsay. Specifically, proposed finding of fact 94 is based in part on pages 47 and 48 of the 2/24/05 deposition of David Kieck, who was shown Exhibit 322. Exhibit 322 is a photocopy of a newspaper article on a paper with the heading "Newspaper Article Review Form." The Form is dated 4-4-86, but suggests that the Newspaper was the *News Graphic* on 6-15-78.[3] The Article is titled "Housing for Elderly Funds Discontinued." It does not appear that Kieck prepared Exhibit 322, and he was not quoted in Exhibit 322. Indeed, he did not recall any discussion at the time, any specific meetings, or anything that pertains to it.

Proposed finding of fact 107 is in part based on a newspaper article located at Exhibit R4, titled "Housing Discrimination Apparent, Getting Worse." At the top of the article, someone wrote "5-1-80" S. Milw. News Graphic." Oddly enough, these articles may fall within the exception to hearsay for ancient documents because they are more than twenty years old.

---

[3]The copy is not entirely legible.

*Dallas County v. Commercial Union Insurance Co.*, 286 F.2d 388 (5th Cir. 1961) (upholding admissibility of 58 year old newspaper articles to illustrate the scope of the ancient doctrine exception). Other courts have relied upon similar newspaper accounts in interpreting history. *See, e.g., Bell v. Combined Registry Company*, 397 F. Supp. 1241, 1246, 1247 (N.D. Ill. 1975) *aff'd* 536 F.2d 164 (7th Cir.1976) (newspaper articles received into evidence under 803(16)). The court notes, however, that the article located at Exhibit R4, contains hearsay within hearsay. Even if some of the quotations could be regarded as an admission of a party opponent under Rule 801(d)(2), there are multiple quotations in the article that do not fall within an exception to hearsay.

Proposed findings of fact 108-10 are based on photocopies located at Exhibit S4, with handwriting suggesting they are from a common council meeting on February 16, 1983. Exhibit S4 is titled, "Goals 2000," prepared by Task Force co-chairs Paul Geenen and Steven A. Wolf. Purportedly, "Goals 2000" functioned from August 1981 through May 1983 and examined various topics, including housing, from a four-county area. The Housing Task Force report is dated January of 1983. The plaintiff intervenors represent that this document was found in files at City Hall and is more than twenty years old. This exhibit would be admissible for the purpose of showing that the Common Council received a copy of the Housing Task Force Report from Goals 2000.

In the above paragraphs, the court has addressed each of the arguments raised by defendant that was supported by argument. The court is aware that defendant has voiced additional objections to proposed findings, but those objections were not clearly articulated. To the extent the court needs to revisit defendant's objections in the course of ruling on defendant's summary judgment motion, the objections will be duly noted.

Now, therefore,

IT IS ORDERED that plaintiff intervenors' motion to strike certain of defendant's proposed findings of fact 211-213, 237, 238, 249, 250, 254, 255, 259-266, and 270-274 is granted to the extent that they are offered to establish the truth of the matter addressed.

IT IS FURTHER ORDERED that defendant's amended motion to strike intervenors' proposed findings of fact based on hearsay is granted with respect to proposed findings 11, 13-14, 26, 58-61, 68-74, 80-82, 84-86, 89-90, 94, 96, 98, 102-104, 107-110, 119-120, 122, 124, 128-130, 141-144, 158, 160, 162-170, 180, 184, 189, 190, 193-195, 205, 215-218, 255-256, 270, 283-285, 295, 311, 321-332, 334, 354, and 363-369.

IT IS FURTHER ORDERED that defendant's motion to strike expert testimony is denied.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

12