UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

STATE FINANCIAL BANK,
NATIONAL ASSOCIATION,

                Plaintiff,

DEAN AND JODIE ALLEN, and
JOSHUA, ADAM, BETH AND HANNAH ALLEN
by their father and next friend, Dean Allen;
DORREEN RIDDLE;
CHERYL BATCHELOR, JACK LASTER and
NICOLE MOINEUX, and JAVON WILSON by his mother
and next friend, Nicole Molineux;
SARAH KELLEY, and CHRISTOPHER AND
CHRISTINA PEETE by their mother and next
friend, Sarah Kelley;
JESUSITA MENDEZ, and CYNTHIA, ASHLEY
AND SHAI CARRASQUILLO and D'VINN MENDEZ
by their mother and next friend, Jesuita Mendez;
TAMMI AND WAYNE SCHUYLER, and
TURNELL, TRENT AND TIA LEWKOWSKI
and DIAMOND SCHUYLER by their mother
and next friend, Tammi Schuyler;
JESSE SURVILLION;
and PAMELA WILLIAMS and GLORY MARTIN,

                Intervenors,

      v.                                          Case No. 00-C-1530

CITY OF SOUTH MILWAUKEE,

                Defendant.

---

DECISION AND ORDER
DENYING DEFENDANT'S RULE 7.4 MOTION TO SUPPLEMENT BRIEFING,
GRANTING IN PART PLAINTIFF-INTERVENORS' MOTION TO RECONSIDER, AND
SCHEDULING HEARING ON PENDING SUMMARY JUDGMENT MOTIONS

This case comes before the court on two pending motions: defendant's Rule 7.4 motion to supplement briefing and plaintiff-intervenor's motion to reconsider. For many reasons, this case is a procedural morass. The property at the center of this case has been the subject of litigation in excess of thirteen years in state and federal court. In fact, it is the subject of four Wisconsin appellate decisions. As plaintiff points out in its response to defendant's Rule 7.4 motion to supplement briefing, the parties have filed "at least 75 items in connections with the pending summary judgment motions and related disputes over the proposed findings, and over 30 other docket entries relate to those matters." Only after these issues are addressed will the court entertain argument regarding the necessity of additional motions. Accordingly, defendant's motion to supplement briefing will be denied without prejudice.

Next, the court turns to the intervenor-plaintiffs motion to amend the decision and order dated September 20, 2006, granting in part and denying in part defendant's amended motion to strike intervenor-plaintiffs' proposed findings of fact based on hearsay. That the parties chose to file their respective motions to strike warrants discussion.

The Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Wisconsin provide a mechanism for objecting to proposed findings of fact. If a party wishes to question the admissibility of a document, the remedy is to dispute the facts proposed by the moving party on the ground that the proposed facts were not supported by admissible evidence. Fed. L.R. 56.2(b)(2).

Here, the court was asked to review and strike almost 100 proposed findings for a myriad of reasons. Such exercise is duplicative of the work that must be done in resolving the summary judgment motions. Importantly, Rule 12(f) of the Federal Rules of Civil

2

Procedure provides that a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Judge Barbara Crabb of the Western District of Wisconsin has observed that "no rule authorizes a court to strike an affidavit on the ground that the affiant lacks foundation for his averments." *Austin v. Cuna Mutual Insurance Society*, 2006 WL 3086315 (W.D. Wis. 2006).

Mindful that the parties were attempting to preserve their arguments and hoping to streamline the summary judgment issues, the court issued its order addressing the findings to which the parties objected. However, the exercise did not have the intended result. Instead of delving into the summary judgment motions, the court must now revisit its decision striking some of the proposed findings.

In support of their motion, the intervenor-plaintiffs cite Rule 60 of the Federal Rules of Civil Procedure. Nevertheless, they acknowledge in their reply that the court need not apply Rule 60 to a nonfinal order. Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill.1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citations and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987).

Admittedly, the conclusion of the order did not accurately reflect the court's analysis with respect to 68-71, 73, and 108-110 and the court will amend the order to reflect

3

that these findings will not be stricken. The intervenor-plaintiffs ask this court to revisit its rulings with respect to proposed findings 72, 74, 84, 90, 98, 119-20, 122, 124, 128, 140-44, 158, 160, 162-170, 180, 184, 189, 193, 215-218, 255-56, 270, 283-85, 311, 321-32, 334, 354, and 363-69 on the ground that defendant never separately addressed these findings in their argument. Moreover, they urge this court to reconsider its decision with respect to proposed findings supported in whole or in part by articles.

Although defendant did not separately address why these findings were based on inadmissible hearsay, defendant did object to these particular proposed findings in the motion to strike. The intervenor-plaintiffs, on the other hand, did not raise all of their arguments with respect to the admissibility of certain other documents. In the interest of judicial economy, the court will deny the intervenor-plaintiffs' motion without prejudice. For this court to decide the summary judgment motions, the court must review each of the proposed findings to determine that it is material and supported by admissible evidence. If the court finds that its earlier rulings were erroneous, it will be noted.

Finally, the intervenor-plaintiffs have asked this court to modify its prior decision or, alternatively, enlarge the time for filing the affidavit of William Bakken. Proposed findings 11, 13-14, and 316 were stricken because they were based on Bakken's expert report, which was not properly authenticated. Intervenor-plaintiffs attempt to remedy their error by arguing that they made numerous attempts to obtain an affidavit but that at the time of filing Bakken was in Florida undergoing cancer treatment. Because it appears that the intervenor-plaintiffs made reasonable attempts to obtain the affidavit before filing their brief in opposition to the defendant's motion to strike, the court will allow the intervenor-plaintiffs to supplement the

4

record with Bakken's affidavit. Whether the affidavit warrants reconsideration of the proposed findings based on the report will be determined in deciding the summary judgment motions.

Now, therefore,

IT IS ORDERED that defendant's Motion to Supplement Briefing is denied without prejudice.

IT IS FURTHER ORDERED that the intervenor-plaintiffs' Motion to Amend Decision and Order or for Reconsideration or Relief from Decision and Order is granted in part and denied in part.

IT IS FURTHER ORDERED that the parties shall appear for a hearing on the pending summary judgment motions on June 7, 2007, at 10:00 a.m.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE